IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. 4:23-cr-40008-JPG-3 |
| ) | |
| KHALID M. ABDELKARIM MOHAMED, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Khalid M. Abdelkarim Mohamed's motion to seal or expunge the record of his conviction (Doc. 103). He erroneously states that his prosecution resulted in an acquittal. It did not. It is true he was not incarcerated, but he was sentenced to a term of probation which he has successfully served. He states that he is unable to find a job to generate income to support his wife and three children. He would like to move forward with his life without a criminal record.

While the Court is sympathetic to Mohamed's position, it cannot expunge his record or place it under seal so that the general public will not know of its existence. It must dismiss his motion to expunge for lack of jurisdiction. The United States Court of Appeals for the Seventh Circuit used to subscribe to the view "that a district court has inherent authority to reopen a closed criminal case to consider a request to expunge the judicial record based on an equitable balancing test that weighs the public and private interests at stake." *United States v. Wahi*, 850 F.3d 296, 298 (7th Cir. 2017).

However, in *Wahi*, the Court of Appeals reversed course and held that a district court lacks jurisdiction to expunge the court records of a convicted defendant. *Id.* The Court reasoned that there is no statutory grant of general jurisdiction to expunge the judicial record of a criminal

1

case on equitable grounds. *Id.* at 300. Nor is there ancillary jurisdiction to take such action. *Id.* It noted that the Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), restricted the areas in which courts could exercise their ancillary jurisdiction (sometimes called "inherent power"). It could exercise ancillary jurisdiction only "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379-80. In *Wahi*, the Court of Appeals held that expungement decisions did not fall within either of the permissible area. *Wahi*, 850 F.3d at 302-03.

To the extent Mohamed asks the Court to seal his entire criminal case, the Court must deny that motion. There is a common law right of access to court records, which are presumptively open to the public. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978); *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989). "[T]he public's right to inspect judicial documents may not be evaded by the wholesale sealing of court papers." *Corbitt*, 879 F.2d at 228. However, a court may seal individual records where they contain confidential information or where the records may be used for an improper purpose. *See Nixon*, 435 U.S. 598; *Corbitt*, 879 F.2d at 228. Mohamed's personal interest in supporting his family is not a good enough reasons to cloak presumptively public documents in secrecy, although sealed documents in his case that contain confidential information or that may be used for an improper purpose will remain under seal.

In sum, while the Court recognizes the difficulty Mohamed's conviction may play in being able to support himself and his family, the Court simply lacks the power to expunge the court records of his criminal case. Further, Mohamed has shown no reason to diminish the public's common law right of access to court records by wholesale sealing his case.

Accordingly, the Court **DISMISSES** Mohamed's motion to expunge and **DENIES** his motion to seal the Court's records of his conviction (Doc. 103).

**IT IS SO ORDERED.**
**DATED:  September 4, 2025.**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
